**IN THE COURT OF APPEALS OF IOWA**

No. 25-1018
Filed September 4, 2025

**IN THE INTEREST OF B.M.,**
**Minor Child,**

**R.M., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Clarke County, Andrew Zimmerman,

Judge.


    A mother appeals the termination of her parental rights to her child under

Iowa Code section 232.116(1)(e), (h), and (*l*) (2024). **AFFIRMED.**


    Aaron H. Ginkens of Ginkens Law Firm, P.L.C., West Des Moines, for

appellant mother.

    Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney

General, for appellee State.

    Chira L. Corwin, Des Moines, attorney and guardian ad litem for minor child.


    Considered without oral argument by Ahlers, P.J., and Chicchelly and

Sandy, JJ.

**SANDY, Judge.**

The juvenile court terminated the parental rights of the mother and father to a child born in 2023. The mother appeals.[1] She challenges the statutory grounds authorizing termination, the determination that termination is in the child's best interests, the finding that the exceptions to termination did not apply, and the refusal to grant a six-month extension to reunify.

## I. Background Facts and Proceedings

B.M. was born in 2023. The child came to the attention of the department almost immediately, as the infant quickly began presenting with withdrawal symptoms and respiratory distress. Testing conducted on his umbilical cord showed a positive result for THC. The child's mother admitted to using fentanyl, THC, heroin, and methamphetamine during her pregnancy. After the child was born, the State petitioned the court to adjudicate B.M. a child in need of assistance (CINA). The child was adjudicated to be a CINA, removed from his mother's care by the department, and placed with his aunt. The child was then later placed with his great aunt.

A permanency plan was adopted at the dispositional hearing and that plan required the mother to make various changes in order for the child to safely return home. These changes included participating in visits with the child at the discretion of the department and the guardian ad litem, mental-health and substance-abuse evaluations, abstaining from the use of mind-altering substances, complying with random substance-use testing as required by the department, as well as

---

[1] The juvenile court's order also terminated the father's parental rights, but he has not filed a separate notice of appeal.

maintaining appropriate housing and demonstrating an ability to financially provide for the child.

The mother failed to complete or comply with drug testing on six separate occasions. Outpatient treatment was recommended to reduce the likelihood of relapsing. However, she did not comply with the recommendation. The mother went months at a time without contacting or visiting the child and was ultimately incarcerated on charges stemming from a separate case distinct from the above captioned proceedings.

The juvenile court subsequently terminated the mother's parental rights to the child under Iowa Code section 232.116(1)(e), (h), and (*l*) (2024).

## II. Standard of Review

We review district court orders terminating parental rights de novo. *In re J.V.*, 23 N.W.3d 595, 603 (Iowa 2024). We use a three-step process to determine if a statutory ground has been established, if the termination is in the child's best interests, and if any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021).

## III. Discussion

### A. Grounds for Termination

When the district court terminates parental rights on multiple statutory grounds, we may affirm on a single cited ground. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

The juvenile court terminated the mother's parental rights on three grounds, set forth in Iowa Code sections 232.116(1)(e) (h), and (*l*). We address termination under section 232.116(h), which permits termination upon clear and convincing

evidence that: (1) "[t]he child is three years of age or younger"; (2) "[t]he child has been adjudicated a child in need of assistance"; (3) "[t]he child has been removed from the physical custody of the parents for at least six of the last twelve months"; and (4) "the child cannot be returned to the custody of the [parent] . . . at the present time." The Iowa Supreme Court has interpreted the phrase "at the present time" to mean at the time of the termination trial. *In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018).

The mother challenges only the fourth element: whether the child could safely be returned to the mother's custody at the time of the termination trial. But she does not well articulate an argument specific to attacking that fourth element.[2] Rather, she argues more generally that the department failed to meet its burden of proof and she presented sufficient evidence at the termination trial to show she maintained significant and meaningful contact with the child. We disagree.

At the termination trial, the mother testified that she was currently in jail but would soon move to a halfway house. She presented little evidence to suggest that the child could be safely returned to her home. She presented no evidence that she could maintain sobriety outside of a correctional facility. Additionally, the mother testified that she did not visit or interact with the child for multiple months leading up to her incarceration because she was under the influence of methamphetamine. She had only visited the child eighteen times in a period of twenty-one months.

---

[2] She was incarcerated at the time of the termination trial.

The mother would certainly not have been able to care for the child while she was incarcerated or at the halfway house. She testified to this during the termination trial. Incarceration aside, the mother's continued use of methamphetamine and inability to cooperate with drug testing and mental health services convinces us that the child could not have been returned to the mother's custody at the time of the termination. The grounds for termination under section 232.116(1)(h) were met.

### B. Best Interests

The next step in our analysis is to consider the factors under section 232.116(2). We must "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

We consider the child's long-term and immediate interests. *In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020). The analysis requires us to look at what the future may hold for the child if they are returned to the parents. *Id*. We look to a parent's past performance as it can help predict the quality of care the parent is able to provide in the future. *Id*.

Termination is in the child's best interest here. The mother has been unable to provide stability for the child since he was born. She had no contact with the child for the five months prior to termination. She continued to use methamphetamine during part of that time, and was incarcerated for the two months prior to termination. The mother testified at the termination trial that she

was in a worse position to take care of the child than she was at the beginning of the case. Termination is appropriate and in the child's best interest.

### C. Permissive Exceptions and Department's Reasonable Efforts

Next, we must decide whether any exceptions to termination under section 232.116(3) apply. The mother argues that her closeness and bond with the child should preclude termination. She testified at the termination trial that the child's eyes light up when she enters the room, and she can tell that something "clicks" between the two during her visits. Our consideration, however, focuses on whether termination will disadvantage the child, and whether the disadvantage overcomes the parent's inability to provide for the child's developing needs. *In re D.W.*, 719 N.W.2d 703, 709 (Iowa 2010).

We do not challenge the mother's claim that she loves the child. However, love is not enough to justify our application of the exception. *Id*. The mother has not demonstrated any meaningful ability to provide for the child's needs. She admitted at the termination trial that she was in a worse place to take care of the child than she was at the beginning of these proceedings. Further, the department caseworker testified that there was not a deep bond between the mother and the child. Rather, the caseworker testified that the child has a bond with his placement caregiver, and that the child is thriving in his placement. We decline to apply any permissive exception.

### D. Six Month Extension

The mother contends that she should be given a six-month extension to pursue reunification with the child under Iowa Code section 232.104(2)(b). This is an option available to us under Iowa Code section 232.117(5), which permits the

juvenile court to deny termination and enter a permanency order under section 232.104. But we will only grant this option "if the need for removal 'will no longer exist at the end of the additional six-month period.'" *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) (quoting Iowa Code § 232.104(2)(b)). The mother's backsliding progress gives us little confidence that the situation will improve in six months' time. A child should not be forced to wait for their parent to be able to take care of them, especially when there is such little evidence to rely on to believe the circumstances will improve in six months. *In re M.M.*, No. 15-0214, 2015 WL 1332330, at *2 (Iowa Ct. App. Mar. 25, 2015). An extension is not warranted.

**AFFIRMED.**